UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE SHEET METAL
WORKERS LOCAL 7 ZONE 3 HEALTH
FUND, et al.

       Plaintiffs,

v.

TRAVERSE BAY ROOFING CO.

       Defendant.
_____/

Civil Action No. 17-12573
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

# REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' AMENDED MOTION TO AWARD ATTORNEYS' FEES [ECF No. 16]

## I.  Introduction

In May 2018, Plaintiffs, ERISA employee benefit plans providing pension and health and welfare benefits, ("the Funds") requested and received an entry of judgment by default against Defendant Traverse Bay Roofing Co.  [ECF Nos. 11, 12].   The Funds filed a motion for attorneys' fees in the amount of $7,066.00 under ERISA 502(g)(2)(D).  [ECF No. 13]. In July 2018, this Court filed a report and recommendation, concluding that the Funds are entitled to an award of reasonable attorneys' fees, but that they did not meet their burden of showing that the hours the attorneys expended were reasonable because their billing records were redacted.

[ECF No. 15]. The Funds thus filed an amended motion for attorneys' fees with unredacted billing records, and the Honorable Paul D. Borman found the earlier report and recommendation moot. [ECF Nos. 16, 17].

Traverse Bay has not responded to the Funds' amended motion, which was referred to this Court for another report and recommendation under 28 U.S.C. § 636(b)(1)(B). [ECF No. 18]. For the reasons stated below, the Court recommends the Funds' motion be **GRANTED**.

**II.     Background**

The Funds filed an amended complaint against Traverse Bay, an employer obligated to make contributions to the Funds on behalf of its employees, alleging its failure to submit reports and remit contributions to the Funds in violation of ERISA § 515, 29 U.S.C. § 1145. They also alleged Traverse Bay violated Section 515 of ERISA by failing to remit liquidated damages and interest due to delinquent contributions. [ECF No. 4]. Service was perfected on Traverse Bay, but it failed to answer or otherwise respond to the Funds' amended complaint. The Clerk issued an entry of judgment by default in the amount of $1,856.67.

In support of their amended motion, the Funds submitted billing sheets identifying time entries by various attorneys and legal assistants for this matter. The submitted itemized billing sheets reflect a total of 36.4

hours billed for a total fee of $7,066.00.  [ECF No. 16-2].

### III.   Analysis

#### A.

Under 29 U.S.C. § 1132(2), when a judgment in favor of a plan is awarded, as in this case, the Court shall award reasonable attorney's fees and costs.  *Bd. of Trustees of Ohio Laborers' Fringe Ben. Programs v. Dixon Masonry, Inc.*, 2011 WL 3793502, at *3 (S.D. Ohio Aug. 25, 2011).  The starting point for determining the amount of reasonable attorney's fees is the "lodestar" amount.  *Id.* (citing *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir.2008)).  This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Id.*  "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 565–566, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

Courts have held that, once the lodestar figure is derived, an upward or downward adjustment is permitted based upon twelve factors first listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th

3

Cir. 1974).[1]  *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  But many of the *Johnson* "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."  *Hensley*, 461 U.S. at 434, n. 9.  And more recently, the Supreme Court discouraged use of the *Johnson* factors except in rare or exceptional circumstances, deeming the lodestar method more objective and reiterating that "the lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee."  *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 553 (2010) (citation and internal quotation marks omitted).  There is a "strong presumption" that the lodestar figure is reasonable, and there are few circumstances in which it should be deemed inadequate.  *Id.* at 554.

**B.**

For the first step of the lodestar—determining the reasonable hourly rate to be applied—courts initially assess the "prevailing market rate in the

---

[1] Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Johnson*, 488 F.2d at 717–19.

relevant community". *Adcock–Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). The prevailing market rate can be demonstrated in a number of ways including affidavits from attorneys or experts; citations to prior precedents showing reasonable rate adjudications for comparable attorneys or cases; references to fee award studies showing reasonable rates charged or awarded in the relevant community; testimony from experts or other attorneys in the relevant community; discovery rates charged by the opposition party; and reliance on the court's own expertise in recognizing applicable prevailing rates. *Trustees of N.W. Ohio Plumbers and Pipefitters Pension Plan v. Helm & Associates, Inc.*, 2012 WL 3619827, at *2 (N.D. Ohio Aug. 21, 2012).

Rates within the range of those submitted by the Funds' counsel have regularly been approved within the Sixth Circuit. *Kauffman v. Sedalia Medical Center, Inc.*, 2007 WL 490896, at *3 (S.D.Ohio 2007) (finding an hourly rate as high as $325.00 to be reasonable for an ERISA partner and as high as $235.00 to be reasonable for an ERISA associate attorney); *Helm & Associates,*, 2012 WL 3619827, at *2 (finding an hourly rate of $300.00 for ERISA partners to be reasonable); *Mikolajczyk v. Broadspire Services, Inc.*, 499 F.Supp.2d 958, 965 (N.D. Ohio 2007) (finding an hourly rate of $250.00 for attorneys practicing ERISA in Toledo, Ohio to be

5

reasonable); *Hayden v. Martin Marietta Materials, Inc.*, 2012 WL 5362871, at *8 (W.D. Ky. Oct. 31, 2012) (approving paralegal rates of $100.00 per hour). The Court thus finds that the Funds' counsel charged rates of $225.00 per hour for work completed by partners, $205.00 per hour for work completed by associate attorneys, and $85.00-$95.00 per hour for work completed by legal assistants, are reasonable.

## C.

The second step of the lodestar calculation requires the court to determine if the requested fee is for a reasonably expended number of hours. *Bd. of Trustees of Ohio Laborers' Fringe Ben. Programs*, 2011 WL 3793502, at *3. Courts review billing claims for "[e]xcessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims," which are usually excluded from fee awards. *Butcher v. Bryson*, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 437). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. It is incumbent upon the party requesting a fee award to justify the size of its award and document the appropriate hours expended and hourly rates. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir.1990), abrogated on other grounds by

6

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Not only must attorneys exclude unnecessary hours from their bill, they must also maintain billing time records that are sufficiently detailed to enable the courts to review the reasonableness of the hours expended. *Id.* at 1177. "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n. 12.

Here, the Funds' billing ledger details the work done by the attorneys and legal assistants, and the described work does not appear to be have been excessive, redundant, or otherwise unnecessary. [ECF No. 16-2]. The hours billed should be found to be reasonable.

### IV.    Conclusion

The Court recommends that the Funds' Amended Motion for Attorneys' Fees be **GRANTED,** and that they be **AWARDED** $7,066.00 in attorneys' fees.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: March 18, 2019

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be concise and proportionate in

length and complexity to the objections, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2018.

>s/Marlena Williams
>MARLENA WILLIAMS
>Case Manager